J-S28027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RYON C. WASHINGTON, | |
| Appellant | No. 2063 MDA 2014 |

Appeal from the PCRA Order entered October 30, 2014,
in the Court of Common Pleas of York County,
Criminal Division, at No(s): CP-67-CR-0006027-2005

BEFORE:  BOWES, ALLEN, and LAZARUS, JJ.

MEMORANDUM BY ALLEN, J.:                          **FILED MAY 06, 2015**

Ryon C. Washington ("Appellant") appeals *pro se* from the order denying his third petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history are as follows:  On January 5, 2006, Appellant entered a negotiated guilty plea, at two separate docket numbers, to multiple counts of drug and drug-related offenses.  That same day, the trial court sentenced Appellant to an aggregate, negotiated sentence of ten to twenty years of imprisonment.  Appellant did not file a direct appeal.

On March 21, 2006, Appellant filed his first PCRA petition.  The PCRA court appointed counsel, and an evidentiary hearing was held on May 22, 2006.  At the hearing, Appellant withdrew his PCRA petition after learning

that, if permitted to withdraw his negotiated plea, he would lose the benefit of his plea agreement, and could be exposed to mandatory minimum sentences totaling twenty-nine years of incarceration. *See* N.T., 5/22/06, at 3-6.

On February 17, 2009, Appellant filed a second PCRA petition in which he asserted that his ten to twenty-year sentence was illegal and excessive. The PCRA court denied Appellant's petition, and Appellant filed a timely appeal to this Court. In an unpublished memorandum filed on September 14, 2010, this Court quashed Appellant's appeal because the defects in his *pro se* brief rendered his claims incapable of meaningful review. *See Commonwealth v. Washington*, 13 A.3d 983 (Pa. Super. 2010). We also noted that Appellant's PCRA petition was untimely filed. *Id.*

Appellant filed his third PCRA petition on September 12, 2014. On September 18, 2014, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition, in which it explained Appellant's failure to establish an exception to the PCRA's time bar. Appellant filed a timely response. By order entered October 30, 2014, the PCRA court denied Appellant's PCRA petition. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA

court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011 (Pa. Super. 2001).

Before addressing the substantive claims raised by Appellant in his *pro se* brief, we must first determine whether the PCRA court properly determined that Appellant's third PCRA petition was untimely.

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted). Thus, if a PCRA petition is untimely, neither an appellate court nor the PCRA court has jurisdiction over the petition. *Id*. "Without jurisdiction, we simply do not have the legal authority to address the substantive claims" raised in an untimely petition. *Id.*

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, an exception to the time for filing the petition. *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545(b)(1). Under these exceptions, the petitioner must plead and prove that: "(1) there has

been interference by government officials in the presentation of the claim; or (2) there exists after-discovered facts or evidence; or (3) a new constitutional right has been recognized." ***Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa. Super. 2007) (citations omitted). A PCRA petition invoking one of these statutory exceptions must "be filed within sixty days of the date the claim first could have been presented." ***Gamboa-Taylor***, 753 A.2d at 783. ***See also*** 42 Pa.C.S.A. § 9545(b)(2). Moreover, exceptions to the time restrictions of the PCRA must be pled in the petition, and may not be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal.").

Appellant's judgment of sentence became final on or about February 6, 2006, after the expiration of time for filing an appeal to this Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3). In order to be timely, Appellant had file his petition by February 6, 2007. Appellant did not file his third petition until September 12, 2014, over seven years later. Thus, Appellant's petition is untimely, unless he has satisfied his burden of pleading and proving that one of the enumerated time-bar exceptions applies. ***See Commonwealth v. Beasley***, 741 A.2d 1258, 1261 (Pa. 1999).

Appellant has failed to prove the applicability of any of the exceptions to the PCRA's time restrictions. The PCRA court addressed Appellant's unsuccessful attempt to meet this burden:

> The crux of [Appellant's] argument is that the United States Supreme Court created a new constitutional right when it held that "[m]andatory minimum sentences increase the penalty for a crime . . . . [so] any fact that increases the mandatory minimum is an 'element' [of the crime] that must be submitted to the jury." [**Alleyne v. United States**, 133 S.Ct. 2151, 2155 (2013)]. The Superior Court has determined that **Alleyne** renders 42 Pa.C.S.A. § 9712.1 unconstitutional because "[i]t permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence," rather than beyond a reasonable doubt as required by **Alleyne**. **Commonwealth v. Newman**, [99 A.3d 86, 98 (Pa. Super. 2014) (*en banc*)]. Assuming that the United States Supreme Court's decision in **Alleyne** does create a new constitutional right, [Appellant's] arguments fail for three reasons:

> First, **Alleyne** and its progeny do not apply to [Appellant's] case. He was sentenced pursuant to a negotiated plea deal. Thus, he was never actually subjected to 42 Pa.C.S.A. § 9712.1. [Appellant] avoided being subject to the mandatory minimums by agreeing to plead guilty, which he was informed of in his hearing on his first PCRA petition held on May 22, 2006. **See** N.T., 5/22/2006, at 3.

> Second, in order to satisfy the time-bar exception contained in 42 Pa.C.S.A. § 9545(b)(1)(iii), a new constitutional right must have been created **and** either the United States Supreme Court or the Pennsylvania Supreme Court would have to have held that right to be retroactive. In **Newman**, the Superior Court determined that **Alleyne** applied retroactively to the defendant in that case because his judgment of sentence was not yet final. **Newman**, [99 A.3d at 90]. However, a little over a month later, that same court refused to apply **Alleyne** retroactively to a defendant's judgment of sentence that had become final.

- 5 -

> *Commonwealth v. Miller*, [102 A.3d 988, 995 (Pa. Super. 2014)]. The court noted, "neither our Supreme Court, nor the United States Supreme Court have held that *Alleyne* applies retroactively to cases in which the judgment of sentence has become final." *Id.* Therefore, because neither the Pennsylvania Supreme Court or the United States Supreme Court have declared *Alleyne* applies retroactively to judgments of sentence that are final, [Appellant's] argument for exception under § 9545(b)(1)(iii) fails.
>
> Third, as [Appellant] states in his response, a challenge based on *Alleyne* does implicate the legality of a sentence. *Newman*, [99 A.3d at 90]. However, even "though not technically waivable, a legality of sentence claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies." *Miller*, [102 A.3d at 995]. Because [Appellant] has not successfully raised a time-bar exception under § 9545(b)(1), this Court is without jurisdiction over the claim.

PCRA Court Opinion, 10/30/14, at 3-4.

Our review of the record supports the PCRA court's conclusion that it lacked jurisdiction to consider Appellant's third PCRA petition. Accordingly, we affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2015

- 6 -